UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIRLANDE DINA MICHEL-WIGGINS,<br><br>    Plaintiff,<br><br>vs.<br><br>JES HOLDINGS, LLC, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 4:24 CV 1487 CDP<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6).  ECF 17.  Plaintiff, a self-represented litigant, opposes the motion to dismiss.  ECF 22.  Defendants filed a reply brief in support of dismissal and the issues are fully briefed.  Plaintiff's complaint is dismissed for the reasons set forth below.

## Background

Plaintiff alleges that she is disabled and applied for an apartment at Havenwood Gardens II in Georgia using a housing voucher.  Havenwood is alleged to be owned and managed by defendants Jes Holdings and Fairway Management.  Plaintiff alleges that defendants committed housing discrimination under the Fair Housing Amendments Act of 1988 ("the Fair Housing Act" or "FHA"), *see* 42 U.S.C. § 3604, by failing and refusing to rent her two apartments

under her single housing voucher.[1] Plaintiff alleges that she needs two apartments under a single housing voucher to accommodate a live-in aide.[2] Plaintiff also alleges that defendants discriminated against her because they have not agreed to pick up her trash and deliver her mail to her front door as a reasonable accommodation to her disability. Plaintiff requests the Court "order defendants to give her a quote for a second unit and the second unit under one lease (to include my main unit), so I could use my HUD voucher." ECF 1 at 5. She admits this is "for the purpose of being able to subsidize both units under Plaintiff's HUD House Choice Voucher (also known as Section 8)." ECF 1-1 at 1. She also asks the Court to order defendants to pick up her trash and either deliver her mail to her front door or put a mailbox outside her door. ECF 1.

---

[1] Although not alleged in the complaint, in opposition to dismissal plaintiff argues that the defendants also violated the Rehabilitation Act, which provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794. Plaintiff cannot amend her complaint by citing statutes in opposition to dismissal that have not been pleaded in her complaint. However, because courts have found that the requirements for a "reasonable accommodation" are the same under the Fair Housing Act and the Rehabilitation Act, *see Developmental Services of NE v. City of Lincoln*, 504 F. Supp. 2d 714, 723 (D. Neb. 2007) (citing cases), even if properly pleaded any Rehabilitation Act claims would fail for the reasons explained below.

[2] Plaintiff asserts that her past experience with caregivers precludes her from sharing an apartment with a live-in aide.

## **Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. In ruling on such a motion, I must accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Hager v. Arkansas Dept. of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). To survive a motion to dismiss, a complaint must contain enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 657 (2007) (cleaned up). A claim is facially plausible where the facts allow the court to draw the "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent adequate factual support, the Court "is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (cleaned up).

## **Discussion**

The Fair Housing Act prohibits discrimination based on disability against any person with respect to the rental of a dwelling or the provision of related services or facilities. *See* 42 U.S.C. § 3604(f)(1) and (2). Discrimination under the FHA includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

3

An accommodation is unreasonable if it imposes an undue financial burden. *One Love Housing, LLC v. City of Anoka, Minnesota*, 93 F.4th 424, 429-30 (8th Cir. 2024). The Fair Housing Act does not "encompass an obligation to accommodate a tenant's shortage of money." *Klossner v. IADU Table Mound MHP, LLC*, 65 F.4th 349, 354 (8th Cir. 2023) (cleaned up).

Plaintiff's complaint fails to state a claim of housing discrimination because defendants are not required to provide plaintiff two apartments for a single housing voucher as a reasonable accommodation to her disability. That plaintiff may have legitimate reasons for desiring to live separately from her live-in aide, *see* ECF 6, does not mean that defendants are required to accommodate those reasons by renting her two apartments under a single housing voucher and lease.[3]

Plaintiff's requested accommodation is not reasonable on its face as it would impose an undue financial burden on defendants by requiring them to rent two apartments for only one housing voucher. HUD and the local public housing authorities ("PHAs") control the rent that a landlord may receive for a Section 8 apartment. The PHA issues a tenant a voucher for a fixed amount "equal to the lower of (1) the payment standard for the family minus the total tenant payment; or

---

[3] Plaintiff failed to allege that a live-in aide was approved by the public housing authority (in this case the Georgia Department of Community Affairs), which is required by HUD regulations. *See* 24 C.F.R. § 982.316(a). Plaintiff's allegation that she provided defendants with "documentation from her health care provider which verified Plaintiff's need for a live-in aide" does not plausibly allege that the housing authority approved a live-in aide.

4

(2) the gross rent minus the total tenant payment." 24 C.F.R. § 982.505(b). The "payment standard for the family is the lower of (i) the payment standard amount for the family unit size; or (ii) the payment standard amount for the size of the dwelling unit rented by the family." 24 C.F.R. § 982.505(c). Because the PHA always pays "the lower of" the possible payments, the payment to defendants would not increase if they were forced to provide plaintiff with two apartments under a single voucher and lease. Stated otherwise, then, plaintiff is asking the Court to force defendants to provide her with two apartments for the "housing voucher price" of one.

Plaintiff points to no caselaw or regulation imposing such a requirement as a reasonable accommodation, and the Court's research has not uncovered anything that would support plaintiff's claim, either. Just as a court cannot force a landlord to accommodate a "tenant's shortage of money" by requiring it participate in the housing-voucher program, *see Klossner*, 65 F.4th at 353, a court also cannot force a landlord to provide a tenant with an extra apartment for free. As plaintiff's request for two apartments under a single housing voucher and lease does not seek a reasonable accommodation for her disability, she fails to plausibly allege facts which state a claim for housing discrimination based on that conduct. The claim is dismissed.

Plaintiff's claim that defendants engaged in housing discrimination with respect to other accommodations she requested be provided after she moved in (trash collection and mail delivery) is also dismissed given that plaintiff is not entitled to reside at Havenwood Gardens II in the manner in which she requests (namely, by being provided two apartments for a single housing voucher and lease).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [17] is granted, and plaintiff's complaint is dismissed with prejudice.

A separate Order of Dismissal accompanies this Memorandum and Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of May, 2025.